UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Pele Lacruz Watkins, Sr.,

    Plaintiff

v.

Teuton et al.,

    Defendants

2:16-cv-02425-JAD-GWF

**Order Denying Motions for Temporary Restraining Order and Preliminary Injunction**

[ECF Nos. 5, 6]

    Plaintiff has filed a "statement of removal" along with over 300 pages of initiating documents and an 83-page motion for a temporary restraining order and preliminary injunction.[1] Though no complaint has been filed, it appears that plaintiff is attempting to remove a case from the Eighth Judicial District Court's family division and to sue the family-court judge who is presiding over his custody proceedings there. Because this case has not been properly commenced and plaintiff fails to show that he is entitled to preliminary injunctive relief, I deny the motions.

### Discussion

    The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[2] In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court clarified that the standards "require[ ] a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [a temporary restraining order] is in the public interest.'"[3] "[I]f a plaintiff can only show that there are 'serious questions

---

[1] The motions are duplicates docketed separately at ECF Nos. 5, 6.

[2] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[3] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[4]

Plaintiff has not shown a likelihood of success on the merits or serious questions going to the merits of his claims because there is no operative complaint in this case, and thus there are no pending claims. Even if plaintiff had filed an operative complaint, I still would not grant him the relief he requests because it appears that the state-court family proceedings are still ongoing, implicate important state interests, and provide an adequate opportunity to litigate federal claims.[5] Additionally, Family Court Judge Teuton enjoys absolute immunity from liability for damages for his actions taken in those proceedings.[6]

**Conclusion**

Accordingly, plaintiffs' motions for temporary restraining order and preliminary injunction **[ECF Nos. 5,6] are DENIED.** If plaintiff desires to bring a lawsuit in this district, he must file a proper complaint.[7] If plaintiff does not file a proper complaint by January 16, 2017, this case will be dismissed without prejudice and without further notice.

Dated this 16th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[5] *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613–14 (9th Cir. 2000) (abstention required where child-custody proceedings were still ongoing).

[6] *Forrester v. White*, 484 U.S. 219 (1988).

[7] *See* FRCP 8.